UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| JENNIFER L. MARCUM, | : Case No. 2:24-CV-2645 |
| Petitioner, | : |
| vs. | : District Judge Edmund A. Sargus, Jr.<br>: Magistrate Judge Chelsey M. Vascura |
| WARDEN, OHIO REFORMATORY FOR WOMEN, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, in Marysville, Ohio, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging her conviction for one count of aggravated trafficking in drugs in the Coshocton County, Ohio, Court of Common Pleas. (Doc. 1). This matter is currently before the Court on petitioner's motions for investigator (Doc. 2); for discovery (Doc. 3); for reduced number of copies (Doc. 4); to appoint counsel (Doc. 5); for a stay and abeyance (Doc. 11); and for an extension of time to file a traverse to respondent's return of writ (Doc. 13). Respondent opposes the motions, with the exception of the motion for reduced number of copies, which respondent leaves to the discretion of the Court, and the motion for extension of time. (Doc. 10, at PageID 839-41; Doc. 12).

For the reasons stated below, the undersigned **RECOMMENDS** that petitioner's motions for a stay and abeyance (Doc. 11) and for extension of time (Doc. 13) be **GRANTED**, and that the remainder of petitioner's motions (Docs. 2-5) be **DENIED without prejudice** to refiling, as appropriate, following an Order reinstating this case to the Court's active docket.

As set forth above, petitioner challenges her 2022 Coshocton County, Ohio, conviction and sentence for aggravated trafficking in drugs. (*See* Doc. 1). In her petition, she raises the following eight grounds for relief:

**GROUND ONE**: Due Process Violations

**Supporting Facts**: Petitioner was denied due process and equal protection of the law, when the trial court dismissed the Post-Conviction petition without an evidentiary hearing, when the Fifth District Appellant Court kept dismissing my Post-Conviction appeal and again when the Supreme Court of Ohio clerk refused to file my Post-Conviction Appeal.

**GROUND TWO**: Ineffective Assistance of Counsel

**Supporting Facts**: Petitioner has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution. Defense Counsel had a previous adversial [sic] position against petitioner from representing petitioner's daughter father in a 2021 case in Franklin County (see Exhibit E)[.] Defense Counsel engaged in serious misconduct by not recusing herself from this case. (See exhibits D and E)[.]

**GROUND THREE**: Prosecutorial Misconduct

**Supporting Facts**: The original prosecutor in this case violated many Brady errors, used false evidence from the driver Russel Weber and the Coshocton County detectives, the Court raised my felony degree due to School Zone Specification that the Court admits does not fit this case but did not correct it. (See exhibit A and B)[.]

**GROUND FOUR** : Fourth Amendment Right to the United States Constitution

**Supporting Facts**: Petitioner was denied unreasonable intrusions provided for by the Fourth Amendment Right to the United States Constitution when Coshocton County detective forced the Petitioners purse off her person to be left in the vehicle with threats of arrest for disorderly conduct. This officers body cam footage has disappear from the evidence in this case.

**GROUND FIVE**: Defective amended indictment

**Supporting Facts**: The Coshocton County Prosecutor was allowed to amend the indictment to a first degree felony for a school zone specification that the trial court admitted in two different journal entries did not fir this case one at sentencing and the second time dismissing Post Conviction.

> **GROUND SIX**: Entrapment
>
> **Supporting Facts**: See Exhibit A the Assistant Prosecuting Attorneys response to my Post-Conviction petition stating that the Coshocton County Detectives were waiting at the county line with a K-9 unit for this Silver Ford edge to enter into Coshocton County with no probable cause warrant to search the passenger who is the petitioner.
>
> **GROUND SEVEN**: Brady Violations
>
> **Supporting Facts**: The State secreted a lot of evidence in this case including the existence of a confidential informant, text message evidence, Dash & Body cams videos, used false witness statements and etc.
>
> **GROUND EIGHT**: Police Misconduct
>
> **Supporting Facts**: The Coshocton County Detectives forced my purse off of my person to be left in the vehicle. The Coshocton County Jail officers maced me for asking for a drink of water. And an unknown man tazed me from behind without identifying himself as a bondsman.

(Doc. 1, at PageID 5-17).

In her motion for stay and abeyance (Doc. 11, at PageID 847), petitioner notes that she has an appeal pending in the Ohio Supreme Court. In the return of writ, respondent argues that petitioner's claims are procedurally defaulted but acknowledges that the pending appeal[1] relates to the First, Second, Third, Seventh, and Eighth Grounds for relief. (*See* Doc. 10, at PageID 830 & n.6; *see also* Doc. 12, at PageID 855).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the

---

[1]Viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2024/0874. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

3

equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present her claims through the requisite levels of state appellate review, but still has an avenue open to her in the state courts by which she may present the claims, her petition is subject to dismissal without prejudice for failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(c).  Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies.  *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).  A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds.  *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed

4

federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court

5

determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision

6

in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust Grounds One, Two, Three, Seven and Eight in her pending appeal in the Ohio Supreme Court. At this point in the proceedings, the Court cannot conclude that these claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Moreover, a stay would avoid complications with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Rhines,* 544 U.S. at 278.

Accordingly, in sum, after weighing the *Rhines* factors, it is **RECOMMENDED** that the instant federal habeas petition be **STAYED** while petitioner is afforded the opportunity to fully exhaust her state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative

stay and that the case be terminated on the Court's active docket.[2]

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for a stay and abeyance (Doc. 11) be **GRANTED**, and the petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's **active docket** pending allowing petitioner the opportunity to fully exhaust her Ohio remedies through her pending appeal in the Ohio Supreme Court.  The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting her state court remedies through the requisite levels of state appellate review.  Petitioner should be granted leave to reinstate the case on the Court's active docket when she has exhausted her Ohio remedies based on a showing that she has complied with the conditions of the stay.

2. Petitioner's motion for extension of time (Doc. 12) be **GRANTED**, and petitioner be given **sixty (60) days** from the date of an Order reinstating this case to the Court's active docket in which to file a traverse.

3. Petitioner's motions for investigator (Doc. 2); for discovery (Doc. 3); for reduced number of copies (Doc. 4); and to appoint counsel (Doc. 5) be **DENIED without prejudice** to refiling, as appropriate, following an Order reinstating this case on the Court's active docket.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on

---

[2]The Court notes that Petitioner has not responded to Respondent's procedural default arguments.  Nothing contained in this Report and Recommendation should be considered an indication by the Court of whether or not Petitioner has procedurally defaulted the claims in her petition.

timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 20, 2024    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
United States Magistrate Judge