# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JENNIFER L. MARCUM,

        Petitioner,   :         Case No. 2:24-cv-2645

    - vs -        District Judge Edmund A. Sargus
                           Magistrate Judge Michael R. Merz

ERIN MOLDONADO, WARDEN,
  Ohio Reformatory for Women,

                            :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought *pro se* by Petitioner Jennifer Marcum to obtain relief from her conviction for drug trafficking in the Coshocton County Court of Common Pleas and consequent imprisonment in Respondent's custody. The case is ripe for decision on the Petition (ECF No. 1)[1], the State Court Record (ECF No. 9), Respondent's Return of Writ (ECF No. 10), and Petitioner's Traverse[2] (ECF No. 17).

Petitioner's various attempts to amend or add to the Reply have been stricken because they were filed without authorization to do so (Order, ECF No. 24).

The Magistrate Judge reference in this case was recently transferred to the undersigned to

---

[1] Numerous exhibits are attached to the Petition and summarized in ECF No. 1-6. To the extent the exhibits are part of the State Court Record filed by Respondent, the Court will consider them as appropriate. However, this habeas corpus court cannot consider evidence that was not properly placed before the Ohio courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011).
[2] "Traverse" is an older usage for labeling a Petitioner's filing in response to the Return of Writ. Petitioner appears to use the terms interchangeably and the Court will refer to her "Traverse" as a Reply.

1

help balance the Magistrate Judge workload in this District (ECF No. 23).

**Litigation History**

On April 15, 2022, Marcum was indicted by a Coshocton County Grand Jury on one count of aggravated trafficking in drugs in the vicinity of a school in violation of Ohio Revised Code § §2925.03(A)(2) and 2925.03(C)(1)(d), a felony of the first degree. (State Court Record, ECF No. 9, Ex. 1).  Although she initially pleaded not guilty, on October 21, 2022, she withdrew that plea and entered a written plea of guilty to the charge of aggravated trafficking in drugs in the vicinity of a school, the same charge made in the indictment. *Id.* at Ex. 11.  On the same day she signed a written waiver of jury trial. *Id.* at Ex. 12. On November 22, 2022, at sentencing, the court imposed a mandatory indefinite term of seven years and a maximum term of ten and a half years.  *Id.* at Ex. 15.

Represented by new counsel, Marcum then appealed to the Fifth District Court of Appeals raising only claims about the constitutionality of the Reagan Tokes Act (Appellant's Brief, State Court Record, ECF No. 9, Ex. 17, PageID 266).  The Fifth District affirmed the conviction and sentence. *Id.* at Ex. 19.  Petitioner did not take a further appeal to the Supreme Court of Ohio,

Instead Petitioner filed *pro se* a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 20.  The trial court denied relief (*Id.* at Ex. 24), particularly noting:

> The petition contains a wide array of allegations that the Court has attempted to summarize as ineffective assistance of counsel in the form of pressure to enter a guilty plea purportedly exerted upon Petitioner by defense counsel. Petitioner's statements in support of the petition are unsworn, and there are no affidavits or documents of evidentiary quality attached to the petition.

(Judgment Entry, State Court Record, ECF No. 9, Ex. 24, PageID 379).  The court placed strong

emphasis on Petitioner's guilty plea, emphasizing the weight to be given to a defendant's plea colloquy. *Id.* at PageID 381-82, citing *Machibroda v. United States,* 368 U.S. 487, 497(1962). The court also rejected her complaint about the school specification, noting that the trial judge had sentenced her as if that specification had not been included. *Id.* at PageID 383-84.

Petitioner again appealed to the Fifth District which dismissed the appeal as untimely. *Id.* at Ex. 30. She took no further appeal to the Ohio Supreme Court.

Marcum then filed a second petition for post-conviction relief. *Id.* at Ex. 39. The trial court denied the petition as barred by *res judicata*. *Id.* at Ex. 43. Marcum eventually filed an appeal to the Ohio Supreme Court. *Id.* at Ex. 54. That appeal remained pending as of the time the Return was filed under Case No. 24-0874, but the court has now declined jurisdiction. *State v. Marcum,* 2024-Ohio-4919 (Oct. 15, 2024).

Marcum filed her Petition in this Court on May 20, 2024, well before the Ohio Supreme Court concluded its case. She pleads the following grounds for relief:

> **Ground One**: Due Process Violations
>
> **Supporting Facts**: Petitioner was denied due process and equal protection of the law, when the trial court dismissed the Post-Conviction petition without an evidentiary hearing, when the Fifth District Appellant Court kept dismissing my Post-Conviction appeal and again when the Supreme Court of Ohio clerk refused to file my Post-Conviction Appeal.
>
> **Ground Two:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Petitioner has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution. Defense Counsel had a previous adversial [sic] position against petitioner from representing petitioner's daughter father in a 2021 case in Franklin County (see Exhibit E) Defense Counsel engaged in serious misconduct by not recusing herself from this case. (See exhibits D and E).

**Ground Three**: Prosecutorial Misconduct

**Supporting Facts**: The original prosecutor in this case violated many *Brady* errors, used false evidence from the driver Russel Weber and the Coshocton County detectives, the Court raised my felony degree due to School Zone Specification that the Court admits does not fit this case but did not correct it. (See exhibit A and B)

**Ground Four**: Fourth Amendment Right to the United States Constitution.

**Supporting Facts:** Petitioner was denied unreasonable intrusions provided for by the Fourth Amendment Right to the United States Constitution when Coshocton County detective forced the Petitioners purse off her person to be left in the vehicle with threats of arrest for disorderly conduct. This officers body cam footage has disappear[ed] from the evidence in this case.

**Ground Five**: Defective amended indictment

**Supporting Facts:** The Coshocton County Prosecutor was allowed to amend the indictment to a first degree felony for a school zone specification that the trial court admitted in two different journal entries did not fit this case one at sentencing and the second time dismissing Post Conviction.

**Ground Six**: Entrapment

**Supporting Facts:** See Exhibit A the Assistant Prosecuting Attorneys response to my Post-Conviction petition stating that the Coshocton County Detectives were waiting at the county line with a K-9 unit for this Silver Ford edge to enter into Coshocton County with no probable cause warrant to search the passenger who is the petitioner

**Ground Seven**: *Brady* Violations

**Supporting Facts:** The State secreted a lot of evidence in this case including the existence of a confidential informant, text message evidence, Dash & Body cams videos, used false witness statements and etc.

**Ground Eight**: Police Misconduct

> **Supporting Facts:** The Coshocton County Detectives forced my purse off of my person to be left in the vehicle. The Coshocton County Jail officers maced me for asking for a drink of water. And an unknown man tazed me from behind without identifying himself as a bondsman.

(Petition, ECF No. 1, PageID #: 5-17).

**Procedural Default**

Respondent argues that all of Petitioner's Grounds for Relief are procedurally defaulted by her failure to fairly present them to the Ohio courts (Return, ECF No. 10, PageID 830).

**Law of Procedural Default Generally**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

5

habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

6

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

**Application to this Case**

The Traverse/Reply provided Marcum with an opportunity to respond to the procedural

7

default defense raised by Respondent. The Traverse, thirty-four pages long, consists first of all of an unsworn four-page chronology of events in the case (ECF No. 17, PageID 880-83). Petitioner then states:

> I am requesting a Judicial Review of my case the evidence presented at Trial was insufficient to support a conviction. All of the evidence I have presented to this Court was never litigated at Trial. There was no suppression motion ever filed on the Petitioner's behalf even though, the petitioner had requested one several times. Therefore, the Petitioner was never given a fair opportunity to raise her Fourth Amendment violation and to have adjudicated the question in a State Court. The state has never provided an opportunity for full and fair litigation of the Fourth Amendment claim, the Petitioner's defense attorney refused to file any motions on behalf of Petitioner or raise any claims in State court. I repeatedly, requested new counsel, Ms. Tome told me the Courts said she was my second Attorney and I would NOT be given a third. Ms. Tome clearly was a conflict of interest, when she had represented my daughter's dad Roderick Richards in a case in Franklin County (see Exhibit E- Judgement Entry from the Franklin County Common Pleas Court dated July 13, 2021 & Exhibit D sworn affidavit from Petitioner) which resulted with her having a previous adversarial position against the Petitioner from the start.

(Reply, ECF No. 17, PageID 884-85).

The Court cannot consider an insufficiency of the evidence claim in this case. Although the Fourteenth Amendment does require that a conviction be supported by sufficient evidence presented at trial. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc), there was no trial in this case because Petitioner waived her right to trial and pleaded guilty (State Court Record, ECF No. 9, Ex. 11). The Fourteenth Amendment does not require the State, when faced with a petition for writ of habeas corpus by a person who has pleaded guilty, to go back and show that it would have presented sufficient evidence if the case had gone to trial.

Second, Petitioner did not raise a claim of insufficient evidence in her Petition (See Grounds for Relief quoted above). A habeas petitioner cannot raise new grounds for relief in a reply, but must seek leave to amend her petition in order to do so. Marcum has never moved to amend to add an insufficiency claim.

Third, Marcum did not raise an insufficiency of the evidence claim on direct appeal to the Fifth District, either at the Fifth District or the Ohio Supreme Court[3].

Marcum does recognize the applicability of *Maupin* and writes:

> In analyzing procedural default under the *Maupin* test, courts first look to whether the Petitioner failed to comply with a state procedural rule, and whether the state court actually enforced that procedural bar. *Maupin*, 785 F.2d at 138; *Lundgren*, 440 F.3d at 763. The relevant applicable rule here is that claims appearing on the face of the record must be raised on direct appeal or they will be barred by Ohio's res judicata rule. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted) ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata."); *Hand v. Houk*, 871 F.3d 390, 408-09 (6th Cir. 2017) (citations omitted).

(Traverse, ECF No. 17, PageID 890). But then she writes in the very next sentence: "Petitioner violated that rule by failing to raise this claim on direct appeal since the jury instruction claim is based on evidence that appears on the face of the record." That language has no application to this case because there was no trial and hence no jury instruction. Instead the *res judicata* rules applied to preclude consideration of her claims made in her second petition for post-conviction relief where the Fifth District enforced the *res judicata* rule against her.

There were other state procedural rules enforced against her as well. Ohio requires an

---

[3] As noted above, Marcum took no direct appeal to the Ohio Supreme Court at all. Had she done so, she could not have raised an insufficiency claim there because she had not done so at the appellate level. The Ohio Supreme Court will not consider claims of error which were not first raised in the appellate court.

9

appeal from the trial court to the court of appeals to be taken within thirty days and her failure to do so with her first post-conviction petition was held against her. A time limit on appeal is independent of federal law and a fair non-discriminatory way of enforcing the public's interest in the finality of trial courts' judgments.

The Fifth District also held against Petitioner her failure to support her first post-conviction petition with sworn testimony. It is a very general rule of law that assertion of fact to courts must be made under oath. That rule is independent of federal law, although the federal courts follow it generally. It is an "adequate" procedural rule in that it forces litigant to take seriously – under penalty of serious potential sentences for perjury – assertions of fact on which they want the courts to rely.

Considered collectively, then, Respondent's procedural default defense meets the standard set down in *Maupin*. That defense is fatal unless a habeas petitioner shows excusing cause and prejudice. A habeas petitioner "can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986). Counsel's deficient performance in state court can serve as grounds for excusing a petitioner's procedural default. *Kelly v. Lazaroff,* 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). However, an ineffective assistance of counsel claim must first be properly raised in the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020). Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

10

Marcum's procedural defaults are not excused by the alleged ineffective assistance of trial counsel Lisa Tome. Marcum asserts Attorney Tome should have recused herself because of a previously adversarial position. She does not explain why that would be disqualifying.[4] More importantly, Marcum obviously knew about the prior adverse representation at the time Attorney Tome was appointed to represent her, but provides no proof she complained of the appointment and sought Attorney Tome's replacement before her guilty plea. Attorney Tome's asserted disqualification was not raised as an assignment of error on direct appeal.

Petitioner has not shown any excuse for her procedural defaults in this case.

Indeed, Petitioner's thirty-four page Traverse has no discernible order to it at all. It is not organized around her eight pleaded Grounds for Relief. Instead it appears to be a collection of arguments cut-and-pasted from uncited sources or sources which are plainly irrelevant. For example, at PageID 904 of her Traverse, she quotes the following proposition of law:

> The instant that the Court amends the indictment, the Court loses jurisdiction. At that point in time, there is nothing that can cure that defect. It is a jurisdictional defect. Upon an indictment so changed, the Court can proceed no further. There is nothing for which the prisoner can be held to answer. A trial on such indictment is void.

As authority, she cites *Ex parte Bain*, 121 U.S. 1 (1887). *Bain* was expressly overruled in *United States v. Cotton*, 535 U.S. 625 (2002). The asserted relevance of the quoted passage was that amendment of an indictment makes any subsequent trial on that amended indictment void because there is a Fifth Amendment right to indictment by a grand jury. However, the Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006).

---

[4] Typically disqualification from having previously represented an adverse party would only occur if an attorney learned facts in the prior representation which would cause her to be less than zealous in her present advocacy.

**Summary**

Federal habeas corpus is not a proceeding for starting over with a state criminal case. Petitioner was charged with a crime which could have resulted in a much heavier sentence. She agreed to plead guilty in return for a much lighter sentence. On appeal she could have raised a claim that her plea was not knowing, intelligent, and voluntary, but she did not do so. Had she raised that claim on direct appeal, she could have carried it forward to the Ohio Supreme Court, but she did not appeal to that court at all.

Ohio provides a remedy for constitutional violations that could not have been raised on direct appeal, the petition for post-conviction relief under Ohio Revised Code § 2953.21. Marcum filed a petition for post-conviction relief, but did not support it with any sworn statement of facts. She alleges various facts purportedly supporting her claim of entrapment, but does not state a claim that her plea was unknowing, unintelligent, or involuntary.

Federal habeas corpus law in general requires a "rifle" approach: claims targeted precisely on a constitutional error infecting the conviction. Petitioner here has instead adopted a "shotgun" approach – aiming generally at aspects of her conviction that could be unconstitutional if approached that way along the state appellate path. Habeas corpus could be more appropriately targeted if the federal courts were better enabled to appoint counsel for petitioners, but Congress has not appropriated sufficient funds and the Sixth Amendment requires appointment of counsel only at the trial and direct appeal stages. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 12, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #