# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JENNIFER L. MARCUM,

                Petitioner,      :           Case No. 2:24-cv-2645

      - vs -                        District Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Michael R. Merz

ERIN MOLDONADO, WARDEN,
  Ohio Reformatory for Women,

                                  :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case, brought *pro se* by Petitioner Jennifer Marcum to obtain relief from her conviction for drug trafficking in the Coshocton County Court of Common Pleas and consequent imprisonment in Respondent's custody. On May 12, 2025, the undersigned filed a Report and Recommendations recommending that the Petition be dismissed with prejudice ("Report," ECF No. 25). Petitioner has now filed timely Objections (ECF No. 28) and District Judge Sargus has recommitted the case for consideration of the Objections (ECF No. 29).

The Report contains a history of this case up until the time Marcum filed her Petition (Report, ECF No. 25, PageID 986-87). Marcum offers no objection to the accuracy of that history nor to the Report's recitation of her pleaded grounds for relief which are

        **Ground One: Due Process Violations**

        **Supporting Facts**: Petitioner was denied due process and equal
        protection of the law, when the trial court dismissed the Post-

1

Conviction petition without an evidentiary hearing, when the Fifth District Appellant Court kept dismissing my Post-Conviction appeal and again when the Supreme Court of Ohio clerk refused to file my Post-Conviction Appeal.

**Ground Two: Ineffective Assistance of Counsel**

**Supporting Facts**: Petitioner has been denied effective assistance of counsel as provided for by the Sixth Amendment of the United States Constitution. Defense Counsel had a previous adversial [sic] position against petitioner from representing petitioner's daughter father in a 2021 case in Franklin County (see Exhibit E) Defense Counsel engaged in serious misconduct by not recusing herself from this case.

**Ground Three**: Prosecutorial Misconduct

**Supporting Facts**: The original prosecutor in this case violated many *Brady* errors, used false evidence from the driver Russel Weber and the Coshocton County detectives, the Court raised my felony degree due to School Zone Specification that the Court admits does not fit this case but did not correct it. (See exhibit A and B)

**Ground Four**: Fourth Amendment Right to the United States Constitution.

**Supporting Facts:** Petitioner was denied unreasonable intrusions provided for by the Fourth Amendment Right to the United States Constitution when Coshocton County detective forced the Petitioners purse off her person to be left in the vehicle with threats of arrest for disorderly conduct. This officers body cam footage has disappear[ed] from the evidence in this case.

**Ground Five**: Defective amended indictment

**Supporting Facts:** The Coshocton County Prosecutor was allowed to amend the indictment to a first degree felony for a school zone specification that the trial court admitted in two different journal entries did not fit this case one at sentencing and the second time dismissing Post Conviction.

**Ground Six**: Entrapment

**Supporting Facts:** See Exhibit A the Assistant Prosecuting Attorneys response to my Post-Conviction petition stating that the

2

Coshocton County Detectives were waiting at the county line with a K-9 unit for this Silver Ford edge to enter into Coshocton County with no probable cause warrant to search the passenger who is the petitioner

**Ground Seven**: *Brady* Violations

**Supporting Facts:** The State secreted a lot of evidence in this case including the existence of a confidential informant, text message evidence, Dash & Body cams videos, used false witness statements and etc.

**Ground Eight**: Police Misconduct

**Supporting Facts:** The Coshocton County Detectives forced my purse off of my person to be left in the vehicle. The Coshocton County Jail officers maced me for asking for a drink of water. And an unknown man tazed me from behind without identifying himself as a bondsman.

(Petition, ECF No. 1, PageID #: 5-17).

Respondent argued that all of Petitioner's Grounds for Relief were procedurally defaulted by her failure to fairly present them to the Ohio courts (Return, ECF No. 10, PageID 830). The Report found this defense well-founded: Marcum had offered no excusing cause and prejudice for her procedural defaults (Report, ECF No. 25, PageID 995). The Magistrate Judge accordingly recommended the Petition be dismissed with prejudice. *Id.* at PageID 997.

The Objections say nothing whatsoever about procedural default. Instead, they accurately point out that the Magistrate Judge has not analyzed the substance of the claimed constitutional errors. That is a correct observation, but Supreme Court precedent does not allow us to consider the merits of claims if they have been procedurally defaulted. *Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521,

527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

Because the Objections offer no excusing cause for the procedural defaults, the Magistrate Judge persists in his original recommendation that the Petition be dismissed with prejudice.

June 9, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #