# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JENNIFER L. MARCUM,

        Petitioner,   :        Case No. 2:24-cv-2645

  - vs -                         District Judge Edmund A. Sargus, Jr.
                                Magistrate Judge Michael R. Merz

ERIN MOLDONADO, WARDEN,
 Ohio Reformatory for Women,

                             :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

    This habeas corpus case, brought *pro se* by Petitioner Jennifer Marcum under 28 U.S.C. § 2254, is before Petitioner's Motion for Reconsideration (ECF No. 33).  As a post-judgment motion, it requires a recommended disposition from an assigned Magistrate Judge.

    Motions for reconsideration made after judgment is entered are treated as motions to amend the judgment under Fed.R.Civ.P. 59(e).  They must be filed within twenty-eight days of judgment.  In this case judgment dismissing the Petition was filed on July 7, 2025, and mailed to Petitioner that day.  The Motion for Reconsideration is therefore timely, having been received by the Court and docketed within the required twenty-eight days.[1]

    The Magistrate Judge first filed a Report and Recommendations recommending that the

---

[1] The Motion does not indicate when it was deposited in the prison mailing system.

1

Petition be dismissed on May 12, 2025 (the "Report," ECF No. 25). The Report was served on Petitioner by ordinary United States mail and she evidently received it because she sought and received an extension of time to object (ECF Nos. 26, 27). After she filed Objections, Judge Sargus recommitted the case and the Recommittal Order was served on her in the same manner (ECF No. 29). The Magistrate Judge then filed a Supplemental Report and Recommendations which again was served on Petitioner by ordinary mail. This document she claims never to have received, but she has not changed addresses and the mail has never been returned by the Postal Service. Because she filed no objections to the Supplemental Report, Judge Sargus adopted the Report and dismissed the case (ECF Nos. 31, 32). His Opinion and the Judgment were, once again, served on Petitioner by ordinary mail and she admits having received them.

The Magistrate Judge declines to accept Petitioner's unsworn claim that she did not receive the Supplemental Report. Instead of reopening the judgment and giving Petitioner more time to object to the Supplemental Report, the Court will treat the current Motion under Fed.R.Civ.P. 59(e).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

Petitioner does not meet this standard. The original Report found all of Petitioner's grounds for relief were procedurally defaulted. When she objected to that Report, she provided no excusing cause and prejudice. The Supplemental Report simply noted that fact. In her instant Motion for Reconsideration, she still has provided no excusing cause and prejudice for that failure and she does have in hand the original Report.

2

When a petitioner has presented no cause and prejudice to excuse a procedural default, a district court is bound to dismiss the petition. *Davila v. Davis,* 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw,* 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). Even if she did not receive the Supplemental Report and Recommendations as she claims, she still has not provided any excusing cause and prejudice. If she objects to this Report, she should provide whatever excuse she has for the procedural defaults found in the original Report

The Motion for Reconsideration should be denied.

July 30, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.